

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2009

# USA v. Charles Bornman

Precedential or Non-Precedential: Precedential

Docket No. 07-3447

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Charles Bornman" (2009). *2009 Decisions.* Paper 1425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 07-3447

———————

UNITED STATES OF AMERICA

v.

CHARLES BORNMAN,
Appellant

———————

On Appeal From the District Court
For the District of the Virgin Islands
(D.C. Crim. Action No. 03-cr-00127-1)
District Judge:  Hon. Raymond L. Finch

———————

Argued December 10, 2008

BEFORE:  FISHER, JORDAN and
STAPLETON, *Circuit Judges*

(Opinion Filed March 6, 2009)

———————

<u>ORDER AMENDING OPINION</u>

STAPLETON, *Circuit Judge*:

　　IT IS ORDERED that the opinion in this matter filed on March 6, 2009, is hereby amended as follows:

On page 12, the first paragraph of **V. Additional Count Two Arguments** is deleted and is replaced by the following:

Bornman makes a number of additional arguments relating to Count Two, which we find without merit. His argument that the government failed to introduce evidence of a *quid pro quo* is without merit, because the statute requires no such evidence. *See United States v. Gee*, 432 F.3d 713, 714-15 (7th Cir. 2005) ("A *quid pro quo* of money for a specific legislative act is *sufficient* to violate the statute, but it is not *necessary*. It is enough if someone 'corruptly . . . accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions . . . involving any thing of value of $5,000 or more.' 18 U.S.C. § 666(a)(1)(B)").

By the Court

/s/   Walter K. Stapleton
*Circuit Judge*

DATED:  April 24, 2009

2